IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHIKELIA L. HUTCHERSON,      )
           )
       Plaintiff,        )
           )
       v.            )       Civil Action No.: 3:16cv355-WC
           )
NANCY A. BERRYHILL,      )
Acting Commissioner of Social Security,[1]   )
           )
       Defendant.       )

# MEMORANDUM OPINION

## I. INTRODUCTION

Shikelia L. Hutcherson ("Plaintiff") filed an application for disability insurance benefits and a period of disability and for Supplemental Security Income benefits on January 7, 2013.[2] The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill shall be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] At the hearing before the ALJ, Plaintiff amended her alleged onset date to January 7, 2013, which effectively resulted in the dismissal of her Title II claim. Tr. 24.

decision of the Commissioner of Social Security ("Commissioner").[3] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 7); Def.'s Consent to Jurisdiction (Doc. 8). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner and REMANDS this matter to the Commissioner for further consideration.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[4]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?

---

[3]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[4]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work

---

[5] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

[The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was born on July 27, 1991, and was nineteen years old, which is defined as a younger individual according to the regulations, on the alleged disability onset date.  Tr. 31.  Plaintiff was twenty-two years old on the date of the hearing before the ALJ, had completed tenth grade, and was attending night classes to acquire her GED.  Tr. 43. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since January 7, 2013, the amended alleged onset date[.]"  Tr. 24.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "obesity, anemia, and hypertension."  Tr. 24.   At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  Tr. 25.  Next, the ALJ articulated Plaintiff's RFC as follows:

The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions and considerations: with a sit/stand option at 30 minute intervals; no operation of foot controls; no climbing of stairs, ladders, ropes, or scaffolds; no kneeling, crouching, or crawling; and no exposure to vibration, unprotected height, or hazardous machinery.

Tr. 25. At Step Four, the ALJ concluded that Plaintiff "has no past relevant work." Tr. 31.

However, the ALJ also found that, based upon the testimony of a VE, "[c]onsidering the

claimant's age, education, work experience, and residual functional capacity, there are jobs

that exist in significant numbers in the national economy that the claimant can perform[.]"

Tr. 31. The ALJ noted the following representative occupations: "folder," "electronics

assembler," and "production assembler." Tr. 32. Accordingly, at Step Five, the ALJ

determined that Plaintiff "has not been under a disability . . . since January 7, 2013, through

the date of this decision[.]" Tr. 32.

## IV.   PLAINTIFF'S ARGUMENT

Plaintiff presents two issues on appeal: (1) "The Commissioner's decision should

be reversed because the ALJ erred by failing to provide adequate rationale addressing all

of the medical opinions of record expressed by [Plaintiff's] treating physician"; and (2)

"The Commissioner's decision should be reversed because the ALJ failed to pose a

complete hypothetical question to the vocational expert." Pl.'s Br. (Doc. 12) at 4.

## V.   DISCUSSION

First, Plaintiff argues that the ALJ erred by failing to provide adequate rationale

addressing *all* of the medical opinions of record expressed by Plaintiff's treating physician,

Dr. Karen Mockler. *Id*. at 4 (emphasis in original). Dr. Mockler, who saw Plaintiff on

three occasions, completed a Medical Source Statement on July 8, 2014. Tr. 637-642. The

ALJ summarized Dr. Mocker's opinion evidence from that statement as follows:

> [Dr. Mockler indicated that Plaintiff is] able to lift and carry ten pounds
> occasionally; sit three hours without interruption for a total of five hours,

stand one hour without interruption for a total of two hours, and walk ten minutes without interruption for a total of one hour in an eight-hour day with the need to elevate her feet one hour a day and the use of a cane is not required; continuously reach including overhead, handle, finger, and feel, and frequently push and pull; frequently operate foot controls with her right foot and occasionally with her left foot; occasionally climb stairs and ramps, stoop, kneel, and crawl; never climb ladders or scaffolds, balance or crouch; continually be exposed to humidity and wetness, pulmonary irritants, and extremes of temperature; frequently be exposed to moving mechanical parts, operation of a motor vehicle, and vibrations; never be exposed to unprotected heights; and can be exposed to very loud noise. Additionally, she is capable of performing shopping, traveling alone, ambulating without assistance, using standard public transportation, climbing a few steps at a reasonable pace with a single hand rail, preparing a simple meal, performing personal hygiene, and handling paper and files; but not walking a block at a reasonable pace or on uneven surfaces. Dr. Mockler further opined that Plaintiff would be absent more than four days per month in a work situation; that these limitations had been present since August 2009; that the limitations would last or had lasted twelve consecutive months; and that she is unable to work an eight-hour day, five days a week.

Tr. 29. In conjunction with the Medical Source Statement, Dr. Mockler also completed a Clinical Assessment of Pain. Tr. 643. The ALJ summarized that opinion evidence as follows:

Dr. Mockler also completed a Clinical Assessment of Pain in which she assessed the claimant to have pain present to such an extent as to be distracting to adequate performance of daily activities; and that physical activity increases the claimant's pain to such an extent as to cause distraction from task or total abandonment of task.

Tr. 29.

In considering Dr. Mockler's opinion evidence, the ALJ afforded it "some weight."

Tr. 31. She provided the following rationale for discounting the opinion:

Similar to Dr. Mockler's assessment, [Plaintiff] is found to have the ability to function at the sedentary level; however, exception is taken in her assessment that [Plaintiff] would be absent more than four days per month.

7

The evidence for this opinion is not found.  Additionally, her assessment in the Clinical Assessment of Pain or pain resulting in distraction is not evidenced.  [Plaintiff] testified at the hearing and related in her medication list that she uses over-the-counter Ibuprofen for pain (Exhibit 12E).  This use of medication is inconsistent with severe pain.  Neither the objective evidence (examinations show no neurological deficits), treatment records, nor the claimant's activities support the assessment of pain or frequency of absences[.]

Tr. 31.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2).  Good cause to discount a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).  With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240–41.

Plaintiff takes issue that the ALJ afforded Dr. Mockler's opinion "some weight," but only attempted to provide reasoning for discounting the opinion as to Plaintiff's work

absences and the severity of her pain. Doc. 12 at 8-9. Plaintiff argues, "[n]owhere in her decision, however, did the ALJ articulate any basis to discredit Dr. Mockler's opinion that [Plaintiff's] morbid obesity, edema in both lower extremities and knee impairment would require her to elevate her feet one hour per day." *Id*. at 9. Further, Plaintiff notes that, during the discount of Dr. Mockler's opinion, the ALJ stated that Plaintiff, in accord with Dr. Mockler's assessment, was capable of performing work at the "sedentary level"; however, the ALJ articulated Plaintiff's RFC as permitting Plaintiff to perform "light work." Tr. 25, 31.

The undersigned finds it troubling that the ALJ specifically concluded during Step Three's analysis of Plaintiff's RFC that Plaintiff "is found to have the ability to function at the sedentary level" (which comports with Dr. Mockler's opinion of Plaintiff's abilities), but then included "light work" within Plaintiff's RFC. Such a discrepancy leaves the court with no other choice but to conclude that there is not substantial evidence supporting the ALJ's conclusion. The court is left to wonder—did the ALJ err when stating Plaintiff's RFC or did the ALJ err when stating that she agreed with Dr. Mockler's assessment that Plaintiff could function at the sedentary level? Such an error is not harmless, particularly considering that Plaintiff's RFC was less restrictive than the ALJ's statement that Plaintiff

could function at the sedentary level.  Accordingly, the undersigned concludes that this matter is due to be reversed and remanded to the Commissioner for further proceedings.

Because the undersigned concludes that this first issue is dispositive, the undersigned will not address Plaintiff's remaining arguments.

## VI.    CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is REVERSED and this matter is REMANDED back to the Commissioner of Social Security for further proceedings consistent with this opinion. A separate judgment will issue.

Done this 2nd day of May, 2017.


/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE